BOGGS, Circuit Judge.
As with a number of other states, Tennessee has adopted a Freedom of Information Act that grants access rights only to state citizens. Tenn.Code Ann. § 10-7-503 (2012). Richard Jones, a native of Ohio and representative of the National Action Network, brought suit against the City of Memphis after officials denied his request for a copy of a winning public-contract proposal as part of his advocacy for the civil-rights group. He claimed that the citizens-only restriction violates the Privileges and Immunities Clause. See U.S. Const, art. IV, § 2, cl. 1. The district court granted summary judgment against him, Jones v. City of Memphis, 868 F.Supp.2d 710 (W.D.Tenn.2012), and Jones appealed to this court.
During the pendency of this appeal, the Supreme Court granted a writ of certiorari in McBurney v. Young, — U.S.-, 133 S.Ct. 421, 184 L.Ed.2d 252 (2012), a suit challenging Virginia’s citizens-only FOIA provision. Because McBumey involved a question substantially similar to Jones’s, we stayed this matter pending the outcome of that case. The Court recently rendered its decision in McBumey, upholding the Virginia statute by a unanimous vote. — U.S.-, 133 S.Ct. 1709, 185 L.Ed.2d 758 (2013).
Jones’s challenge to the Tennessee statute relies on two distinct theories. He first claims that the statute abridges his fundamental right to “employment on government contracts in another state.” Appellant’s Br. 15. Assuming arguendo that such a right is in fact protected by the Privileges and Immunities Clause,[1] the *710 Court rejected a near-identical argument in McBumey. The petitioner claimed that Virginia’s citizens-only FOIA restriction inhibited the rights of noncitizens to “ply their trade, practice their occupation, or pursue a common calling.” Hicklin v. Orbeck, 437 U.S. 518, 524, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978). Though the Court agreed that the law burdened the petitioner’s ability to earn a living in his chosen profession, Virginia did not enact the law for the protectionist purpose of burdening out-of-state citizens. McBurney, 133 S.Ct. at 1715. Rather, the Court reasoned, the Commonwealth adopted the provision to allow state citizens to “obtain an accounting from the public officials to whom they delegate the exercise of that power” and to ensure that the benefits of public record keeping are realized by those who pay the fixed costs of creating and maintaining those records without having to incur additional expenses from free riders. Id. at 1716. The same reasoning applies here, and McBumey is thus dispositive of Jones’s first argument.
Next, Jones claims that the FOIA restriction violates his fundamental right to “engage in the political process with regard to matters of national political and economic importance,” citing the Third Circuit’s now-abrogated opinion in Lee v. Minner, 458 F.3d 194, 198 (3d Cir.2006). The Court did not directly address this novel right created by the Third Circuit. Nonetheless, Jones’s argument is doomed under the reasoning of McBumey. He would have us strike the FOIA restriction because the right to engage in the political process has “at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign.” Corfield v. Coryell, 6 F.Cas. 546, 551 (C.C.E.D.Pa.1823) (No. 3,230). However, Jones does not, and cannot, contend that the FOIA restriction prohibits him from actually engaging in the political process. To be sure, his rights to petition, protest, demonstrate, and advocate — the rights most fundamental to political discourse — are amply protected by the First Amendment. The fact that Tennessee has placed administrative limits on access to public records in no way impinges on those rights. See McBurney, 133 S.Ct. at 1718.
What Jones ultimately seeks is the unfettered right to access any public document that may relate to his civil-rights advocacy with the National Action Network. The McBumey Court did address this argument: such a broad right does not fall within the scope of the Privileges and Immunities Clause because Founding-era common law did not recognize this right, and it cannot be said that unrestricted access to public documents is basic to the maintenance or well-being of the union. Id. at 1718-19. We therefore reject Jones’s argument.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. This assumption is highly dubious. Compare Hicklin v. Orbeck, 437 U.S. 518, 529, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978) (holding that state ownership of natural resources cannot justify "requiring private employers [contracted to extract the resources] to discriminate against nonresidents”), with United Bldg. & Constr. Trades Council of Camden Cnty. v. Mayor and Council of City of Camden, 465 U.S. 208, 219, 104 S.Ct. 1020, 79 L.Ed.2d 249 (1984) (“Public employment, however, is qualitatively different from employment in the private sector.... ”); see also Salem Blue Collar Workers Ass'n v. City of Salem, 33 F.3d 265, 270 (3d Cir.1994) ("[W]e hold that direct public employment is not a privilege or fundamental right protected by the Privileges and Immunities Clause of Article Four.”).